(No. 00052— ▇▇▇▇▇▇▇▇▇▇

MABLE HAUPT, as wife of ALBERT A. HAUPT, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 24, 1974.*

ELSIE G. HOLZWARTH, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, and VINCENT BISKUPIC, Special Assistant Attorney General, for Respondent.

PER CURIAM.

This claim, arising out of the death of an auxiliary patrolman allegedly killed in the line of duty, seeks payment of compensation to the decedent's beneficiary pursuant to the provisions of the "Law Enforcement Officers and Fireman Compensation Act," [hereafter, "the Act"] *Ill. Rev. Stat. 1971, Ch. 48, Sec. 281 et. seq.*

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of the decedent's supervising officer; and a report by the Illinois Attorney General's office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted at a hearing before the full Court on July 10, 1974, the court finds as follows:

1. That the claimant, Mable Haupt, is the wife of the decedent and is the beneficiary who was designated by him as stated in her application for benefits;

2. That the decedent, Albert A. Haupt, was an auxiliary patrolman employed by the Village of Orland Park Police Department and engaged in the active performance of his duties, within the meaning of Sec. 2(e) of the Act, on April 19, 1973;

3.   That on said date, Officer Haupt was called to replace a "second shift" radio operator, Lois Garmon, who was hospitalized that day. Officer Haupt was, therefore, considered to be on duty from 4:00 p.m. on, as this was an emergency, "late call-out," assignment, not regularly scheduled. At approximately 4:15 p.m., Mrs. Haupt drove her husband to the police station as his own car was under repair. Mrs. Haupt stopped the car in the station driveway within five or six feet from the station entranceway from the passenger's side. Officer Haupt had exited from the car and was bending toward his wife when his gun fell to the driveway, discharged and struck him in the chest. Officer Haupt was dead on arrival at Palos Community Hospital. The Coroner's Certificate of Death recites the immediate cause of death as "bullet wound of chest (heart and lung)."

The Court takes notice of the analysis of the Cook County Coroner's Toxicologist showing an alcoholic content in the blood, but finds that the death of Officer Haupt was not contributed to, nor caused, by the consumption of alcohol.

4.   The Court finds, therefore, that Officer Haupt was killed in the line of duty as defined in Sec. 2(e) of the Act, and

5.   That the proof submitted in support of this claim satisfies all of the requirements of the Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $10,000 (TEN THOUSAND DOLLARS) be awarded to Mable Haupt as wife and designated beneficiary of the deceased patrolman.